Staples, J.,
dissented. Tie was of opinion the appellant Burwell could only be held responsible for the amount of the legacy given to Joseph Tauber and family. It is conceded that the creditors of John Tauber have no claim to or lien on the real estate in the possession of the appellant. If they have the right to subject it to the payment of their debts at all, it is only by subrogation to the rights of the legatees whose legacies have been satisfied out of the Heiskell farm. But Catharine Tauber, one of these legatees, released all claim to or interest in the whole and every part of the real estate of the testator. The deed containing this release was duly recorded, in order to give notice of the-fact, and to enable the executors to convey a clear and unencumbered title to any purchaser. The appellant, relying upon this release, purchased the home farm, paid the purchase money, received his deed of conveyance-with the clear and full conviction that the annuity claim *473 of Catharine Fauber was fully satisfied, and her release valid and unimpeachable. And now it is insisted, that as she was mistaken, and received her annuity in a tract appropriated to the payment of the debts, she has the right, notwithstanding her release, to resort to appellant’s land for her indemnity.
It seems to me, to sustain such a pretension, is not only to violate every principle of natural justice, but also a favorite maxim of courts of equity, that where one of two innocent persons must suffer, he shall suffer who by his own acts occasioned the confidence and the loss. Catharine Fauber having released her claim, she-has no equity to which the creditors can be subrogated. These views, however, have no application to the legacy given to Joseph Fauber. That, having been paid from the Heiskell farm, without, however, the execution of any release, the creditors have the right to be compensated to that extent out of the home farm ; and for the residue of their debt they should be satisfied from the proceeds of the sale of the Heiskell farm in the possession of both or one of Fauber’s representatives.
In my opinion the decree of the Circuit court should he reversed so far as it is in conflict with these views.
Decree affirmed.